UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:22-cv-71 |
| FANSKI GROUP, INC. and FANSKI USA, | ) ) ) |
| Defendants. | ) ) ) |

**ORDER ON MOTION FOR ENTRY OF DEFAULT UNDER RULE 55(b)(1)**
**(Doc. 56)**

The Cincinnati Insurance Company brought this action as subrogee of its insureds, Theodore and Maureen Steckel, against multiple defendants after an alleged issue with a water supply line at the insureds' residence "caused water to discharge throughout the Premises." (Doc. 1 ¶ 36.) The Complaint alleges that it paid the insureds under its policy "in an amount in excess of $296,696.90." (*Id.* ¶ 38.) All defendants except for Fanski Group, Inc. and Fanski USA have settled. (*See* Doc. 55.) The Clerk previously issued an Entry of Default against Fanski Group, Inc. under Fed. R. Civ. P. 55(a). (Doc. 30.)[1]

Now pending is Plaintiff's Motion for default judgment against Fanski Group, Inc. under Fed. R. Civ. P. 55(b)(1). (Doc. 56.) Plaintiff seeks default judgment of $119,196.90, calculated as follows:

---

[1] There is no indication on the docket that Fanski USA was ever served. The court will dismiss the action against Fanski USA without prejudice unless within 30 days Plaintiff shows good cause for failure to complete service. *See* Fed. R. Civ. P. 4(m).

>Building: $273,788.85
>Personal Property: $22,908.05
>Deductible: $2,500.00
>TOTAL CLAIM: $299,196.90
>[less]
>Partial settlement: $180,000.00
>DEFAULT JUDGMENT SOUGHT: $119,196.90.

(Doc. 56 at 1.) Fanski Group, Inc. has not filed any opposition or response.

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (per curiam). "The first step is to obtain an entry of default." *Id.*; *see also* Fed. R. Civ. P. 55(a). As noted above, Plaintiff previously obtained an entry of default against Fanski Group, Inc. (Doc. 30.)

"The next step requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley*, 647 F.3d at 505. "Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear." *Id.* "In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Id.*

The court concludes that entry of a default judgment by the clerk under Rule 55(b)(1) is not available or appropriate in this case. The clerk may only enter judgment under that rule if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Here, the Complaint alleges that, under the insurance policy, Plaintiff made payments to, or on behalf of, the insureds "in an amount in excess of $296,696.90." (Doc. 1 ¶ 177.) That figure is the sum of the "building" ($273,788.85) and "personal property" ($22,908.05) numbers listed in Plaintiff's Rule 55 motion. But "a claim is not for a 'sum certain'

2

merely because the demand in the complaint is for a specific dollar amount." 10 Moore's Federal Practice – Civil § 55.20[3] (3d ed.).

Whether a claim is for a "sum certain" depends "on the nature of the claim and the circumstances." *Id.* Plaintiff's causes of action against the Fanski Group, Inc. are third-party subrogation claims for negligence, strict liability, and breach of implied warranty in connection with water damage to real and personal property allegedly caused by a malfunctioning product. (*See* Doc. 1, Counts XIII, XIV, and XV.) Although the sums that Plaintiff paid under its policy are "certain," the court cannot conclude that Plaintiff's claims against Fanski Group, Inc. are "liquidated or for a fixed and indisputable amount." 10 Moore's Federal Practice – Civil § 55.20[2] (3d ed.).

There is no evidence that the sums Plaintiff paid were based on a liquidated or fixed and indisputable amount. To the contrary, an insurer's payments in situations like this are usually based at least in part on estimates or opinions. *See, e.g.*, *Ace Grain Co. v. Am. Eagle Fire Ins. Co. of N.Y.*, 11 F.R.D. 364, 365 (S.D.N.Y. 1951) (insurance adjuster's findings represented "an opinion as to value" and claimed cargo damage under insurance policy was not for a "sum certain"); *accord Farm Fam. Mut. Ins. Co. v. Thorn Lumber Co.*, 501 S.E.2d 786, 791 (W. Va. 1998) (amount insurer paid under insurance contract was not a "sum certain" because the action was based upon a negligence allegation and "[t]he amount of damages in a property damage action usually calls for jury resolution"). The court therefore concludes that this case does not involve the "unusual" circumstances where the amount of damages is "certain." 10 Moore's Federal Practice – Civil § 55.20[2] (3d ed.). For these reasons, the court concludes that Plaintiff's motion must be treated as a motion for entry of default judgment under Fed. R. Civ. P. 55(b)(2).

**Conclusion**

The court will dismiss the action against Fanski USA without prejudice unless within 30 days Plaintiff shows good cause for failure to complete service. *See* Fed. R. Civ. P. 4(m).

The court will treat Plaintiff's Request for Entry of Default Judgment for Sum Certain Against Defendant Fanski Group, Inc. (Doc. 56) as an application to the court for a default judgment under Fed. R. Civ. P. 55(b)(2). The court will set this matter for a damages hearing consistent with Fed. R. Civ. P. 55(b)(2)(B).

Dated at Burlington, in the District of Vermont, this 12th day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court